**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GREGORY WOLFE and JULIE SHERMAN WOLFE,<br><br>Plaintiffs,<br><br>v.<br><br>AVON PUBLIC SCHOOLS (A/K/A AVON BOARD OF EDUCATION), TOWN OF AVON, and STEPHANIE LOCKHART.<br><br>Defendants. | CIV. ACTION NO: 3:26-cv-00963<br><br>SEPTEMBER 9, 2026<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO ENFORCE ECF NO. 19 AND TO STRIKE DEFENDANTS' UNTIMELY MOTION TO DISMISS**

Plaintiffs Gregory Wolfe, Julie Wolfe, and Julie Sherman Wolfe respectfully move for an order enforcing the Court's August 10, 2026 Order, ECF No. 19, and striking or disregarding Defendants' Motion to Dismiss, ECF No. 28, as untimely. In the alternative, Plaintiffs request an order requiring Defendants to answer forthwith and providing that Defendants may not file a Rule 12(b)(6) motion directed to the Amended Complaint.

**BACKGROUND**

1. Plaintiffs filed their Amended Complaint against Avon Public Schools, the Town of Avon, and Stephanie Lockhart on June 17, 2026. ECF No. 10. Summonses issued the next day. ECF No. 11.
2. Plaintiffs filed proof that the Amended Summons and Complaint were served on Avon Public Schools and Stephanie Lockhart on June 25, 2026. ECF No. 12.

3. On July 16, 2026, the date then reflected on the docket as the response deadline, Attorney Alexandria L. Voccio appeared for all three Defendants and moved to extend their time to file a responsive pleading or motion through August 15, 2026. ECF Nos. 13–14. The Court granted that request on July 17, 2026. ECF No. 15.
4. On August 10, 2026, Defendants again moved to extend their deadline, this time through September 5, 2026. ECF No. 17. Plaintiffs filed a notice regarding that request. ECF No. 18.
5. The Court granted Defendants' second extension request on August 10, 2026. ECF No. 19. The Order expressly provided: "The deadline for Defendant to answer or otherwise respond to the complaint is extended to September 5, 2026." Id. The Court further stated: "Further extensions are disfavored. Counsel is reminded of the duty of candor and the obligation to avoid misrepresenting the record." Id.
6. Defendants did not answer or otherwise respond by September 5, 2026. Nor did Defendants request a further extension before that deadline expired.
7. On September 8, 2026, counsel participated in a telephonic Pre-Settlement Conference before Magistrate Judge Robert M. Spector. ECF No. 25. The Court then set a settlement conference for October 15, 2026. ECF Nos. 26–27.
8. At 12:05 a.m. on September 9, 2026, Defendants filed ECF No. 28, a Motion to Dismiss, together with a memorandum in support and Exhibits A through C. The docket entry includes no request for an enlargement of time, leave to file out of time, or nunc pro tunc relief.
9. Defendants did not seek post-deadline relief under Rule 6(b)(1)(B), or otherwise request leave to file an untimely Rule 12(b) motion.

**ARGUMENT**

**A. ECF No. 28 was filed after the unambiguous deadline in ECF No. 19.**

10. ECF No. 19 gave Defendants until a date certain, September 5, 2026, to "answer or otherwise respond to the complaint." Defendants did not comply by that date and did not seek a further extension before it expired.

11. Rule 6(a) provides a weekend-and-holiday rollover rule only when a litigant is computing a period stated in days or a longer unit. Under Rule 6(a)(1)(C), if the last day of a computed period falls on a Saturday, Sunday, or legal holiday, the period continues to the next non-weekend, non-holiday day. Thus, had the Court required a response "within 21 days," and the twenty-first day fallen on Saturday, September 5, the time would have run through Tuesday, September 8 because Monday, September 7, was Labor Day. Fed. R. Civ. P. 6(a)(1).

12. ECF No. 19 did not establish a period that had to be computed. It set a fixed calendar deadline: "September 5, 2026." The Advisory Committee Note expressly provides that Rule 6(a)'s time-computation provisions "apply only when a time period must be computed" and "do not apply when a fixed time to act is set." The Note illustrates this distinction with an order requiring a filing "no later than November 1, 2007," for which "subdivision (a) does not govern." The same rule applies to ECF No. 19. The holiday weekend did not automatically change the Court's September 5 deadline to September 8. See Fed. R. Civ. P. 6(a) & advisory committee note.

13. In any event, Defendants did not file on September 8. After participating in the telephonic Pre-Settlement Conference on September 8, ECF No. 25, Defendants filed ECF No. 28 at

12:05 a.m. on September 9, after the deadline stated in ECF No. 19 and also after the first business day following the holiday weekend.

14. After the time to act expired, Rule 6(b)(1)(B) permitted an enlargement only "on motion made after the time has expired" and only if Defendants establish that they failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). ECF No. 28 contains no request for that relief, and the docket entry identifies no motion for leave, enlargement, or nunc pro tunc extension.

15. The Second Circuit makes clear that a party invoking excusable neglect bears a meaningful burden. Even though the inquiry is equitable, failure to follow the clear dictates of an unambiguous court requirement generally does not constitute excusable neglect; where the requirement is entirely clear, the party seeking relief ordinarily loses under the *Pioneer* analysis. See *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250–51 (2d Cir. 1997). ECF No. 19 was unambiguous, followed a prior extension through August 15, 2026, ECF Nos. 14–15, and expressly cautioned that further extensions were disfavored.

**B. The Court should strike or disregard the late pre-answer Rule 12(b) motion and require an answer.**

16. Rule 12(b) requires a motion asserting failure to state a claim to be made before a responsive pleading when an answer is permitted. Fed. R. Civ. P. 12(b). Defendants chose a pre-answer Rule 12(b) motion, but filed it only after the Court-ordered deadline had expired.

17. Nothing in Rule 12 authorizes Defendants to obtain additional time by filing an untimely dispositive motion without first seeking leave and establishing excusable neglect under

Rule 6(b)(1)(B). Plaintiffs request only enforcement of the Court's deadline as to ECF No. 28 and a prompt answer. Plaintiffs do not ask the Court to decide the propriety of any hypothetical future filing.

18. The Court should therefore strike or disregard ECF No. 28 as untimely, without prejudice to Defendants' ability to file a properly supported motion under Rule 6(b)(1)(B). If the Court permits a late response, Plaintiffs respectfully request that the relief be limited to an Answer filed within two days of the Court's Order, rather than a retroactive extension for a pre-answer dismissal motion.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Enforce ECF No. 19;

B. Strike or disregard ECF No. 28 as untimely;

C. Order Defendants to file an Answer within two (2) days of the Court's Order;

D. Provide that Defendants may not file a Rule 12(b)(6) motion directed to the Amended Complaint absent prior leave of Court upon a particularized showing of excusable neglect under Rule 6(b)(1)(B);

E. Stay Plaintiffs' obligation to respond to ECF No. 28 unless and until the Court denies this Motion or otherwise orders merits briefing; and

F. Grant such other and further relief as the Court deems just and proper.

Dated: September 9, 2026

Respectfully Submitted,

GREGORY AND JULIE WOLFE
PLAINTIFFS

By:/s/ Tyler J. Balding
Tyler J. Balding (ct 29928)
Carey & Associates, P.C.
71 Old Post Road, Suite One
Southport, CT 06890
(203) 255-4150 tel
(203) 255-0380 fax
tbalding@capclaw.com

**CERTIFICATION OF SERVICE**

This is to certify that on September 9, 2025, a copy of the foregoing was filed electronically on the Court's ECF system, emailed to the parties below, and delivered to all those with access to such ECF system and mailed, postage prepaid, to those parties without access to ECF.

_____/s/________
Tyler J. Balding