**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GREGORY WOLFE and JULIE SHERMAN WOLFE,<br><br>Plaintiffs,<br><br>v.<br><br>AVON PUBLIC SCHOOLS (A/K/A AVON BOARD OF EDUCATION), TOWN OF AVON, and STEPHANIE LOCKHART.<br><br>Defendants. | CIV. ACTION NO: 3:26-cv-00963<br><br>OCTOBER 8, 2026<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' LETTER RESPONSE TO ECF NO. 33 AND 34 AND REQUEST FOR REASONABLE EXPENSES UNDER RULE 16(f)(2)**

Dear Judge Oliver:

Defendants' admitted noncompliance forced Plaintiffs to expend resources enforcing requirements Defendants were obligated to follow. Pursuant to the Court's September 17, 2026 Order, ECF No. 33, Plaintiffs request reimbursement of the reasonable expenses, including attorney's fees, caused by that noncompliance. Defendants' apology acknowledges the failures but leaves Plaintiffs bearing their cost.

**1. Defendants have established neither substantial justification nor circumstances making reimbursement unjust.**

The Court found that Defendants missed the September 5 deadline they themselves requested and failed to obtain the required pre-filing conference. ECF No. 33. Defendants now expressly admit both failures. ECF No. 34 at 1. Under Fed. R. Civ. P. 16(f)(2), the Court must

award reasonable expenses caused by noncompliance unless it was substantially justified or other circumstances make an award unjust. The Rule expressly permits reimbursement in addition to another sanction. Striking the motion corrected the filing defect; reimbursement addresses the resources consumed in obtaining that correction.

Counsel's promise of future compliance supplies no justification for the past failures. Nor does the absence of misconduct as severe as that in *Liebowitz* defeat reimbursement. The Court cited that decision for the expense-shifting requirement, which the Second Circuit expressly recognized. *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 291 (2d Cir. 2021). Defendants themselves acknowledge that bad faith is unnecessary. ECF No. 34 at 1. Further, Rule 16(f)(1) authorizes the Court to act on its own; Plaintiffs' initial omission of a fee request supplies no exemption from the present show-cause proceeding.

The undersigned advised defense counsel during an August 5 telephone conversation that a court-imposed date-certain deadline differs from a computed period. Defendants nevertheless advanced the automatic-rollover position the Court rejected. Their own September 9 nunc pro tunc motion reproduced Plaintiffs' email: "The filing was due 4 days ago under the rules. A request last week or even yesterday may have been appropriate, but we have already taken the time and effort to prepare and file a response that I do not intend to withdraw." ECF No. 31 at 2. Defendants thus placed Plaintiffs' objection and notice of corrective work before the Court themselves. Their subsequent claim that significant expenses were not incurred disregards that notice and the supporting memorandum actually prepared. The asserted electronic-filing problems on September 8 do not explain missing September 5 or bypassing the pre-filing conference requirement. Likewise, efforts to obtain Plaintiffs' position on retroactive relief after

expiration could not satisfy the missed deadline or eliminate the work already caused by noncompliance.

**2. Defendants' expense argument materially misrepresents Plaintiffs' submission.**

Defendants assert that significant expenses were not incurred because Plaintiffs obtained relief through a "half page motion." ECF No. 34 at 2. The actual submission consisted of a three-page motion and a separate six-page memorandum. The motion's grounds and requested relief extend across its first two pages, and it expressly incorporates the memorandum. The memorandum contains the chronology and substantive analysis of fixed-date deadlines, Rule 6's Advisory Committee Note, excusable neglect, and enforcement of the response deadline. ECF No. 29 and accompanying memorandum. Those page totals include formal components; Plaintiffs identify them to correct the record, while seeking compensation based on actual reasonable work. Omitting the supporting memorandum and misrepresenting the length materially distorts the submission used to obtain relief.

This is another occasion on which Plaintiffs have had to correct Defendants' description of the record. On August 10, Plaintiffs filed ECF No. 18 with the August 7 correspondence to correct Defendants' representation that Plaintiffs had failed to respond to the extension inquiry. That exhibit documents Plaintiffs' response. ECF No. 18 at 1–2. The present understatement is particularly troubling because it is offered to defeat reimbursement for corrective work. Plaintiffs ask the Court to evaluate the actual filings and substantiated time rather than this inaccurate shorthand.

**3. The appropriate relief is reimbursement supported by an itemized submission.**

Plaintiffs request reasonable fees and expenses for researching and preparing the motion to strike and supporting papers, and for reasonable work in this Court-directed sanctions proceeding attributable to the same noncompliance, subject to the Court's review. The requested award would exclude unrelated merits work, duplicative effort, and time otherwise required in the ordinary course. Defendants' assertion that the proceedings suffered no prejudice does not eliminate these expenses. Plaintiffs' success in obtaining corrective relief likewise leaves the cost of obtaining it unpaid.

Plaintiffs respectfully request that the Court find reimbursement warranted under Rule 16(f)(2), assess the award against defense counsel or such responsible party or parties as the Court determines appropriate, and permit Plaintiffs to submit a declaration and itemized time records within fourteen days of the Court's order, with Defendants afforded an opportunity to respond. This request leaves undisturbed the Court's ruling concerning refiling and keeps the fee issue separate from the anticipated motion's merits. Plaintiffs should be made whole for reasonable corrective work the established noncompliance required.

Respectfully submitted,

/s/ Tyler J. Balding
Tyler J. Balding (ct 31385)
Carey & Associates, P.C.
71 Old Post Road, Suite One
Southport, CT 06890
(203) 255-4150
tbalding@capclaw.com
Counsel for Plaintiffs