**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| GREGORY WOLFE and JULIE SHERMAN WOLFE,<br><br>Plaintiffs,<br><br>v.<br><br>AVON PUBLIC SCHOOLS (A/K/A AVON BOARD OF EDUCATION), TOWN OF AVON, and STEPHANIE LOCKHART.<br><br>Defendants. | CIV. ACTION NO: 3:26-cv-00963<br><br>OCTOBER 13, 2026<br><br>**JURY TRIAL DEMANDED** |

October 13, 2026

The Honorable Vernon D. Oliver
United States District Judge
United States Courthouse
450 Main Street Hartford, CT 06103

**Re: Gregory Wolfe, et al. v. Avon Public Schools, et al. Civil Action No. 3:26-CV-00963-VDO Plaintiffs' Response to Defendants' Pre-Filing Conference Request (ECF No. 35)**

Dear Judge Oliver:

Plaintiffs respectfully request leave to submit this response out of time and ask the Court to excuse the omission of a timely, separate response to defendants' October 1, 2026 pre-filing conference request. Plaintiffs request that the Court consider this letter in connection with the conference or, alternatively, permit its submission afterward. This request does not seek to postpone the conference or extend defendants' proposed briefing schedule.

The proposed grounds do not justify the requested wholesale dismissal. Administrative exhaustion must be distinguished from the independent constitutional claims, and municipal liability must be assessed against the policies and practices actually alleged. Plaintiffs request that the Court narrow any authorized motion to specific claims and grounds and, if the Court

identifies a curable pleading deficiency, permit plaintiffs to seek leave to amend before dismissal with prejudice.

**1. Exhaustion does not dispose of all claims against the Town, and omission from the administrative caption is not invariably dispositive.**

Counts III and IV assert independent rights through § 1983. Exhaustion of state administrative remedies is not a prerequisite to those claims. *Patsy v. Board of Regents*, 457 U.S. 496, 516 (1982). Any exhaustion objection to the statutory employment claims therefore cannot support dismissal of every claim against the Town.

For the employment claims, *Johnson v. Palma*, 931 F.2d 203, 209–10 (2d Cir. 1991), recognizes an identity-of-interest exception and examines ascertainability, similarity of interests for conciliation, actual prejudice, and representations concerning the parties' relationship. The Town's omission requires that analysis; plaintiffs do not contend that joint-employer allegations alone establish exhaustion. The complaint alleges Town control over staffing allocations, compensation, and employment-related budget decisions. Compl. ¶¶ 192–194. Those allegations warrant consideration distinct from defendants' categorical reliance on the administrative caption.

Lockhart's position is materially different: the charge affidavit identifies her and describes her participation in the interview, rejection decision, and shifting explanations. Charge Aff. ¶¶ 144–152. In *Malasky v. Metal Products Corp.,* 44 Conn. App. 446, 453–56 (1997*)*, the court applied the identity-of-interest analysis to CHRO proceedings and rejected dismissal where the narrative identified the individual's conduct and the purposes of notice and conciliation were satisfied. Counsel's involvement in preparing a charge is a distinction from Malasky that must be addressed, but does not make the narrative irrelevant. Plaintiffs request consideration of the complete administrative record and the applicable factors, rather than treating the absence of the legal label "aiding and abetting" as conclusive. Further, the CHRO uses a raw affidavit in determining what statutes they might investigate and "aiding and abetting" is not even among the types of investigations the CHRO might consider. Plaintiffs seek no individual Title VII liability against Lockhart. Compl. ¶ 411.

**2. The retaliation objection must be confined to the statutory theory it actually challenges.**

Plaintiffs recognize that Title VII does not protect every complaint about discrimination. *Wimmer v. Suffolk County Police Department*, 176 F.3d 125, 134–36 (2d Cir. 1999), distinguishes opposition to employment discrimination from opposition to discrimination against nonemployees. Plaintiffs do not ask the Court to hold that student-focused complaints become protected employment activity simply because the complainant is also an educator. Plaintiffs ask the Court to consider complaints related to Plaintiffs' own family.

The complaint nevertheless must be read as a whole. It alleges that administrators connected G.W.'s employment suitability to his Jewish-identity-based advocacy and curriculum

concerns, rejected him despite positive performance and recommendations, and supplied shifting explanations. Compl. ¶¶ 327–329, 339–343, 415–419. Under *Littlejohn v. City of New York*, 795 F.3d 297, 310–11, 317–19 (2d Cir. 2015), factual allegations receive favorable inferences, and informal opposition to discriminatory employment practices can qualify as protected activity. Plaintiffs acknowledge that the statutory retaliation theory requires a sufficient employment-discrimination nexus; favorable inferences cannot replace that requirement. If the Court considers the present allegations insufficiently specific concerning the content and timing of such opposition, plaintiffs request an opportunity to seek leave to amend with supportable particulars.

That issue does not dispose of the independent First Amendment theory or the discrimination claims. Count IV alleges speech concerning student safety, institutional responses to antisemitism, and curricular accuracy; communications to district officials and outside organizations; and employment reprisals intended to deter plaintiffs' advocacy. Compl. ¶¶ 397–407. Whether that speech opposed an employment practice under Title VII is not the same question as whether defendants retaliated for constitutionally protected speech. Any motion should identify and address each theory separately.

**3. The municipal claims identify more than an employment relationship or an isolated subordinate decision.**

The complaint identifies the districtwide Increasing Educator Diversity Plan, its adoption and implementation, officials responsible for administering it, and its alleged application to the challenged hiring decisions. Compl. ¶¶ 306–314, 374. It also alleges non-neutral selection practices and policymaker notice of false or pretextual explanations. Id. ¶¶ 375–379. Count IV separately alleges institutional practices permitting retaliation against employees and families who criticized the district's response to antisemitism, and connects those practices to the adverse actions. Id. ¶¶ 389–396, 404–405.

Littlejohn, 795 F.3d at 314–16, requires a municipal policy or custom and rejects conclusory reliance on respondeat superior. Plaintiffs' identified plan and alleged implementation must be assessed against that standard, rather than disregarded. The plan's adoption does not, by itself, establish discrimination; plaintiffs allege its unlawful application and a causal connection to employment decisions. Nor do plaintiffs contend that Lockhart's discretionary authority automatically establishes final policymaking authority. *Jeffes v. Barnes*, 208 F.3d 49, 57–58 (2d Cir. 2000), requires identification of final policymaking authority under state and local law for the particular subject at issue. The Town and Board must be analyzed separately; plaintiffs request leave to clarify any deficient entity-specific allegations rather than dismissal with prejudice based on an undifferentiated municipal-liability objection.

If motion practice is authorized, Plaintiff's request a schedule preserving a full opportunity to oppose the identified grounds and to seek any necessary amendment. Plaintiffs do not consent to dismissal of any claim through this preliminary submission.

Respectfully submitted,

/s/ Tyler J. Balding
Tyler J. Balding (ct 31385)
Carey & Associates, P.C.
71 Old Post Road, Suite One
Southport, CT 06890
(203) 255-4150
tbalding@capclaw.com
Counsel for Plaintiffs